# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KARL WILKINS,

      Plaintiff,

v.                                                  Case No: 8:16-cv-2529-T-30TGW

ACCOUNTS RECEIVABLE
RESOURCES, INC.,

      Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 19) and Plaintiff's Response (Dkt. 22). The Court has carefully considered these filings, the complaint, the document attached to the complaint and central to Plaintiff's case, and the relevant law. As discussed below, the Court concludes that Plaintiff's allegations, accepted as true, fail to state a claim on which relief may be granted. Plaintiff's complaint will be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Karl Wilkins alleges that Defendant Accounts Receivable Resources, Inc., a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785. The complaint claims that Defendant violated these laws by the manner in which Defendant first notified Wilkins of a debt that he owed and that Defendant sought to collect.

This initial notification is often referred to as a validation notice, and the FDCPA and the FCCPA demand that these notices contain certain disclosures, such as the amount of the debt and the name of the creditor to whom the debt is owed. The notice must also inform a debtor of his right to dispute the debt, obtain verification of the debt, and learn the identity of the original creditor if different from current creditor.

Defendant's notice to Wilkins, which Wilkins attached to his complaint, identified "Pasco County Emergency" as the creditor. The notice then specified the debt owed in a line-item breakdown. The first two line items were listed under the same account number, were for the amounts of $591.00 and $212.00, respectively, and were listed as having been incurred on January 3, 2016. The third and final line item had no account number or date, just the description "Previous Debts," and the amount of these previous debts was listed as $666.00. Under this line item was a final tally for all three, $1469.00.

Beneath this calculation, Defendant provided contact information and instructions on how Wilkins could pay the debt if he so chose. And lastly, the notice contained disclosures required by the FDCPA and the FCCPA, such as those concerning dispute and verification rights.

Wilkins takes issue with two words in the final disclosures. The notice informed Wilkins of his right to dispute "this debt," but did not specify whether "this debt" referred to line items one and two only, or included the "Previous Debts" in line item three as well. These two words—"this debt"—form the basis for this lawsuit. In all, Wilkins alleges that the use of these words violated the FDCPA in three different ways and the FCCPA in one

way. In short, Wilkins alleges that "this debt" was misleading and otherwise failed to comply with the law.

## DISCUSSION

Now Defendant moves to dismiss Wilkins's complaint on the grounds that it fails to state a claim under the FDCPA or the FCCPA. More specifically, Defendant argues that its notice to Wilkins contained all disclosures required by the FDCPA and the FCCPA and that the notice's inclusion of "Previous Debts" did not otherwise render the notice unconscionable or even misleading. Accepting all of Wilkins's allegations as true, and viewing all of the facts in a light most favorable to him, the Court agrees.

**Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 12(b)(6), courts should dismiss complaints that fail to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *La Grasta v. First Union Securities, Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004) (internal citations omitted). Furthermore, courts must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to

3

dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted). But if no construction of the factual allegations would entitle the plaintiff to relief under the law, then the complaint has failed to state a claim on which *relief may be granted*, and dismissal is appropriate. *See Marshall Cnty. Bd. Of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (emphasis added).

**The FDCPA and the FCCPA**

The FDCPA seeks to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To this end, the law requires that debt collectors make certain disclosures when they first attempt to collect a debt. 15 U.S.C. § 1692g. These disclosures include the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . . .

*Id.* The law also prohibits the use of "any false, deceptive, or misleading representation" in connection with the collection of a debt, 15 U.S.C. § 1692e, or the use of any "unfair or unconscionable means" of collecting the debt. 15 U.S.C. § 1692f.

When evaluating claims alleging false or misleading communications, courts in this circuit ask whether the "least-sophisticated consumer would be deceived or misled by the communication at issue." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010); *but see Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1277 (11th Cir. 2016) (arguably extending the standard to claims alleging that a validation notice omitted required disclosures). This standard, the Eleventh Circuit has said, was not "made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous." *LeBlanc*, 601 F.3d at 1172-73. It is an objective standard, one that "protect[s] naïve consumers" but "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id*. at 1194 (internal quotation marks and citations omitted).

The FCCPA, Florida's version of the FDCPA, was intended to be interpreted as federal courts interpret the FDCPA. *See* Fla. Stat. § 559.77(5); *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010). With the exception of the federal law's requirement that a defendant be a "debt collector," the requirements to state a claim under the federal law and the state law are identical. *Elmore v. Northeast Fla. Credit Bureau, Inc.*, No: 3:10-cv-573-J37JBT, 2011 WL 4480419, *2 n.5 (M.D. Fla. Sept. 27, 2011).

Wilkins's complaint contains three claims that Defendant's notice violated the FDCPA (and thus the FCCPA): the first claim is under Section 1692g, and it alleges that

by using "this debt" without any clarification about the "Previous Debts," Defendant did not supply the disclosures Section 1692g requires; the second claim is under Section 1692e, and it alleges that the failure to distinguish between "this debt" and "Previous Debts" and to provide clarifying information on the "Previous Debts" would mislead the least sophisticated consumer; and the third is under Section 1692f, and it alleges that Defendant's failure to include clarifying information on the "Previous Debts" was an unconscionable means of collecting the debt. All three fail to state a claim on which relief may be granted.

At the outset, the Court notes an acknowledgment Wilkins implicitly makes in the complaint, an acknowledgment that lies at the heart of this case: that if Defendant's notice had simply declined to inform Wilkins of "Previous Debts," there would be no basis for Wilkins's lawsuit, even as he reads the law. This is because, without the information on "Previous Debts," "this debt" could only mean the two line items under the single account number and incurred in the same day. To hold a Defendant debt collector liable for failing to disclose debtors' rights on the theory that the debt collector disclosed those rights and additional information would indeed be an idiosyncratic and unreasonable interpretation of the law. *See LeBlanc*, 601 F.3d at 1194. So too would a holding that a debt collector's otherwise accurate notice was misleading because it contained additional accurate information about previous debts. *See id.* For this reason alone, Wilkins has failed to state a claim under the FDCPA and his complaint should be dismissed. *See id.*

Furthermore, even a generous construction of the alleged facts and a mechanical application of those facts to the law, without any consideration for the bizarre legal results

that might result from the application, fails to state a claim for which the FDCPA, under any of Wilkins's theories of liability, provides relief. *See Marshall Cnty.*, 992 F.2d at 1174.

### 1. Required Disclosures under Section 1692g

The FDCPA requires an initial communication to notify debtors of the debt amount and the creditor to whom the debt is owed. *See* 15 U.S.C. 1692g(1)–(2). Defendant's notice did this in two specific line items detailing the account number, the line-item amount, and the date the debt was incurred. Nowhere does the law prohibit the inclusion of additional information about previous debts. *See id.* Defendant's third line item on "Previous Debts" does not violate this provision.

Section 1692g also requires disclosure of a debtor's right to dispute "the debt, *or any portion thereof.*" 15 U.S.C. § 1692g(3)–(4) (emphasis added). Defendant's notice did this as well, with reference to "this debt, or any portion thereof." The notice, in other words, informed Wilkins of his dispute right *vis-à-vis* any line item in the debt. The crux of Wilkins's complaint is that he did not have this right for the previous debts. But nowhere does the law prohibit debt collectors from, in the process of notifying debtors of their rights under the law, extending that same protection to previous debts. And none of the cases cited in Wilkins's response—many of them from outside this circuit—stand for this proposition. Instead, they all more or less say what the Eleventh Circuit demands: that the communication must be one that would not confuse the least-sophisticated consumer. *Bishop*, 817 F.3d at 1277.

Here, Defendant's notice could not have confused the least-sophisticated consumer. In effect, it plainly said: if you dispute this debt, or any portion of it, we will verify it. The

fact that the law only required Defendant to make this disclosure of the new debt—i.e. a *portion of* the total debt owed to Pasco County—does not make this simple message confusing. And the fact Defendant extended this disclosure to "this debt," accepting Wilkins's reading that "this debt" represents the cumulative total, does not somehow render this additional disclosure insufficient under the law. The law, in other words, requires debt collectors to disclose certain debtor rights; it does not punish debt collectors that disclose those rights but offer even more protection. Defendant's notice did just that. The notice did not violate Section 1692g.

**2. "Misleading" under Section 1692e and "Unconscionable" under Section 1692f**

Section 1692e prohibits any "false, deceptive, or misleading" representations in a debt-collection communication. For some of the same reasons discussed above, Defendant's notice meets none of these descriptions. The use of "this debt" in Defendant's notice was by no means false; indeed, from the perspective of a single creditor, like Pasco County here, the sum total of three different debts amounts to one larger debt, which the debt collector would naturally refer to as "this debt." And more important, the division of this larger debt into line items would not deceive or mislead a consumer. On the contrary, such a breakdown would aid the consumer in his attempt to crosscheck the alleged debt with the debtor's own records to verify its accuracy, to pinpoint when the debt was incurred, and to otherwise more meaningfully respond to the notice. Breaking down a debt into its component parts is not a misleading representation. It is not an "abusive debt collection practice[]" the FDCPA was enacted to combat. *See* 15 U.S.C. § 1692a. To

8

impose liability for having done so would be an unreasonable application of the law. *See LeBlanc*, 601 F.3d at 1194. Defendant's notice did not violate Section 1692e.

Section 1692f prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt." In his final claim, Wilkins alleges that the notice's failure to include any identifying information about the "Previous Debts"—the number of accounts associated with them, how they were calculated—amounts to such an unconscionable means. It plainly does not. As stated earlier, leaving this line item off the notice altogether would not have violated the law, and adding it did not violate the law. The level of specificity Wilkins seeks on the "Previous Debts" is not even required of initial communications under Section 1692g. Neglecting to include what the law does not require cannot be said to be an unconscionable act of neglect under that same law. Defendant's notice did not violate Section 1692f.

In this case, Defendant sent a validation notice to Wilkins that specified his debt in a line-item breakdown. The notice then accurately disclosed to Wilkins the manner in which he could invoke certain rights concerning that debt. This notice, had it gone no further, would have complied with the FDCPA.

But Defendant's notice did go further: it notified Wilkins of an additional, older debt owed to the same creditor, and provided a tally of the total amount owed for "this" combined debt. The Court is strained to find a more idiosyncratic and unreasonable application of the FDCPA than one which concludes as follows: by providing additional information about a debt, information the law did not require you to provide in the first

place, you committed an abusive debt-collection practice. Wilkins's allegations, accepted as true, would require the Court to reach just this conclusion. The Court declines to do so.

It is ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss (Dkt. 19) is GRANTED.

2.      This Case is DISMISSED WITH PREJUDICE.

3.      The Clerk is directed to close this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record